972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The COUNTY OF SANTA CRUZ, a political subdivision of the
State of California; the County of Stanislaus, a
political subdivision of the State of
California, Plaintiffs-Appellants,
v.
The CALIFORNIA HEALTH FACILITIES FINANCING AUTHORITY, a
public instrumentality of the State of California; Swiss
Bank Corporation, San Francisco Branch, a branch of a
corporation organized and existing under the laws of
Switzerland; Swiss Bank Corporation, Cayman Island Branch,
a branch of a corporation organized and existing under the
laws of Switzerland; E.F. Hutton and Company, Inc., a
Delaware corporation; Lehman Brothers, Inc., a Delaware
corporation; The Honorable Thomas W. Hayes, in his official
capacity as State Treasurer of the State of California and
Chairman of the California Health Facilities Financing
Authority, Defendants-Appellees.
 No. 91-15309.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1992.
Decided July 30, 1992.
 
 Before CHAMBERS, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Santa Cruz and Stanislaus Counties ("appellants") appeal from the district court's dismissal without prejudice of their federal securities action against the California Health Facilities Financing Authority ("CHFFA") and various banks and brokerage houses (collectively, "appellees") connected with the issuance of certain public bonds. The appellants argue that their Lease Agreements with CHFFA are securities for purposes of the Federal Securities Act of 1933 ("FSA") and the Securities Exchange Act of 1934 ("SEA"), and the actions of the appellees with respect thereto violated the provisions of, and regulations under, those two Acts. We review de novo, see Koch v. Hankins, 928 F.2d 1471, 1475 (9th Cir.1991), and we affirm.
 
 
 3
 Both the FSA and the SEA define "security" as including, inter alia, "investment contract[s]". See 15 U.S.C. §§ 77b(1), 78c(a)(10). An investment contract is a security for purposes of federal law if it meets the following three-prong test: There must be "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." Stewart v. Ragland, 934 F.2d 1033, 1037 (9th Cir.1991) (quoting SEC v. W.J. Howey Co., 328 U.S. 293, 298-99 (1946)). With respect to the third prong, "we have dropped the term 'solely' and instead require that 'the efforts made by those other than the investor are the undeniably significant ones, those essential managerial efforts which affect the failure or success of the enterprise.' " Hocking v. Dubois, 885 F.2d 1449, 1455 (9th Cir.1989) (en banc) (quoting SEC v. Glenn W. Turner Enters., 474 F.2d 476, 482 (9th Cir.), cert. denied, 414 U.S. 821 (1973)), cert. denied, 494 U.S. 1078 (1990).
 
 
 4
 Even accepting the appellants' contention that their actions constituted the investment of their own money in a common enterprise, they did not invest with the expectation of making a profit through the efforts of others. In Hocking, for example, the appellant borrowed money in order to acquire property, not as an end in and of itself, but as a means to the end of making a profit through the leasing efforts of others. Here, the appellants borrowed money for the sake of acquiring property, viz., health care facilities. They did not borrow money for the sake of investing that money at a profit, nor did they borrow the money for the sake of acquiring hospitals with the intent of leasing or selling them to third parties at a profit.[1]
 
 
 5
 Because the appellants do not meet the third prong of the Howey test, the district court did not err by concluding that their Lease Agreements were not securities. Accordingly, we need not and do not reach the merits of the arguments raised by appellee Swiss Bank in its brief.
 
 
 6
 AFFIRMED. CHFFA's request for attorney's fees on appeal is GRANTED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The fact that the appellants agreed to pay a share of the bond fees and expected lower monthly payments based on the anticipated investment profits of others did not make them investors in securities, either. Their situation differs little from that of a home buyer who pays fees to a bank and obtains a variable rate mortgage. The borrower's expectation that the interest rate to which his mortgage payments are tied will go down and thereby save him money on his loan may, as here, be disappointed